**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2232-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID COMPANIONI,

    Defendant-Appellant.

_____

Submitted April 19, 2021 – Decided August 9, 2021

Before Judges Suter and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Accusation No. 04-04-0497.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant David Companioni appeals from the November 21, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing, alleging that his trial counsel was ineffective. We affirm because defendant's petition is time-barred under Rule 3:22-12(a)(1) and otherwise lacks merit.

I.

Defendant pled guilty to third-degree possession of a controlled dangerous substance with intent to distribute within 1,000 feet of a school property, N.J.S.A. 2C:35-7, pursuant to a plea agreement on April 20, 2004. On August 24, 2004, the trial judge sentenced defendant to a five-year term of probation pursuant to N.J.S.A. 2C:35-14, with conditions including the successful completion of a long-term in-patient drug program. Defendant was represented by trial counsel at both his plea and sentencing. He served his term of probation and completed the in-patient drug program successfully.

On February 19, 2019, fourteen years and ten months later, defendant filed his first petition for post-conviction relief (PCR). His seven-sentence certification in support of relief alleged several errors by his trial counsel: that he failed to investigate defendant's case, failed to supply defendant with discovery, failed to move for withdrawal of defendant's guilty plea, failed to file

an appeal, and failed to warn defendant that he would be extended term eligible for sentencing on possible future convictions. In his short certification, defendant did not provide any explanation for his nearly ten-year delay in filing for PCR. PCR counsel filed a supporting brief and appendix, but there was no supplemental certification from defendant.

On November 21, 2019 the PCR judge denied relief without an evidentiary hearing. The PCR judge found defendant's petition was time-barred pursuant to Rule 3:22-12(a)(1), concluding that defendant did not show excusable neglect or a reasonable probability that if the defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice. The PCR judge further found that, had the merits of the PCR application been reached, defendant failed to satisfy the Strickland standard.[1] Defendant appealed, raising the following arguments:

> POINT ONE
>
> MR. COMPANIONI IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO INVESTIGATE HIS ILLEGAL SEARCH AND SEIZURE, PROVIDE DISCOVERY, TELL HIM THAT HIS PLEA WOULD MAKE HIM EXTENDED-TERM ELIGIBLE, OR FILE AN APPEAL.

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

POINT TWO

THE PCR COURT'S RULING THAT MR. COMPANIONI'S PETITION WAS TIME-BARRED IS [ERRONEOUS] BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME-BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

II.

We address the threshold issue of the timeliness of defendant's first PCR petition under Rule 3:22-12(a)(1)(A). Defendant contends the PCR judge improperly barred his ineffective assistance of counsel claim because his delay was due to excusable neglect, and enforcement of the time-bar would result in a fundamental injustice. We disagree.

Our court rules preclude PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time-bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A). The time-bar should be relaxed only "under exceptional circumstances" because "[a]s time passes,

justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases." State v. Goodwin, 173 N.J. 583, 594 (2002) (alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Therefore, "[a]bsent compelling, extenuating circumstances, the burden of justifying a petition filed after the five-year period will increase with the extent of the delay." State v. Mitchell, 126 N.J. 565, 580 (1992).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing Mitchell, 126 N.J. at 580).

Here, defendant filed his PCR petition nearly ten years beyond the five-year time-bar period. This is extensive delay and thus raises defendant's burden. Mitchell, 126 N.J. at 580. Defendant argues that he was unaware of trial counsel's "ineffectiveness within the five-year time frame," and contends that this lack of awareness constitutes excusable neglect. However, defendant's certification provides no facts or evidence to support this assertion.

Furthermore, defendant provides no facts or evidence to establish that enforcement of the time-bar would result in a fundamental injustice. Finally, we note exceptional circumstances do not appear in the record.

Even if defendant's ineffective assistance of trial counsel claim were not time-barred, it is based on bald assertions without any evidential support in the record whatsoever. See State v. Cummings, 321 N.J. Super 154, 170 (App. Div. 1999). On this record, we cannot conclude that counsel provided ineffective assistance under the standards set forth in Strickland and State v. Preciose, 129 N.J. 451 (1992). Any other arguments made by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION